1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | JOE NATHAN TAYLOR, | ) Case No.: 1:20-cv-00353-AWI-JLT (HC) |
| 12 | Petitioner, | ) FINDINGS AND RECOMMENDATION TO |
| 13 | v. | ) GRANT RESPONDENT'S MOTION TO DISMISS |
| 14 | JEFF LYNCH, Warden, | ) (Doc. 11) |
| 15 | Respondent. | ) TWENTY-ONE DAY OBJECTION DEADLINE |
| 16 | | ) |

17          On February 28, 2020, Petitioner filed the instant federal petition for writ of habeas corpus.

18   (Doc. 1.)  The United States District Court for the Central District of California transferred the case to

19   this Court on March 4, 2020.  (Doc. 3.)  The Respondent has moved the Court to dismiss the action as

20   successive, untimely and unexhausted.  (Doc. 11.)  Petitioner filed an opposition on July 6, 2020.

21   (Doc. 17.)  Respondent filed a reply on July 10, 2020.  (Doc. 18.)  The Court recommends that the

22   motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

23                              **DISCUSSION**

24   I.        Procedural Grounds for Motion to Dismiss

25          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

26   if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

27   relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Rules

28   Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those

1

brought under § 2254 at the Court's discretion.  <u>See</u> Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . . to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions."  Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See Hillery</u>, 533 F. Supp. at 1194 & n. 12.

Respondent's motion to dismiss asserts that the petition is successive, untimely and unexhausted.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     <u>Successive</u>

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, Petitioner challenges his 1998 conviction. On review of the Court's dockets and as Respondent contends, it appears that Petitioner has previously sought federal habeas relief in this Court with respect to the same conviction. (Doc. 11 at 2-3); see Taylor v. Lamarque, No. 1:01-cv-05357-JKS.[1]

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

III.    Untimely

A.    Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on February 28, 2020, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  In this case, the state Supreme Court denied review on June 21, 2000. (Doc. 13-4.) Therefore, Petitioner's conviction became final

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1    when the ninety-day time period for filing a petition for writ of certiorari expired, on September 19,

2    2000. (Doc. 11 at 3.) The statute of limitations commenced on the following day on September 20,

3    2000. Absent applicable tolling, the last day to file a federal habeas petition was on September 19,

4    2001, though the Petitioner did not file it until February 28, 2020.

5         Petitioner argues that his federal petition is not untimely because Assembly Bill 1618 created a

6    new rule made retroactively applicable. (Doc. 17 at 4-6.) As Respondent argues, it seems Petitioner is

7    attempting to avail himself of 28 U.S.C. § 2244(d)(1)(C), however, Assembly Bill 1618 is incapable of

8    offering a later trigger-date under 28 U.S.C. § 2244(d)(1)(C) because it is a newly created state law,

9    not a federal one. (Doc. 18 at 3.) Additionally, Respondent contends that "the facts giving rise to

10   Petitioner's claims should have been known to him at the time of his 1988 and 1989 plea entries, and,

11   at the latest, by the time his sentence was enhanced in 1998[, and t]his forecloses a later trigger date

12   under 2244(d)(1)(D)." (Doc. 18 at 4.)

13        B.        Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

15   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

16   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

17   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

18   U.S. 4, 8 (2000).  An application is pending during the time that "a California petitioner completes a

19   full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

20   between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

21   340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548

22   F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v.

23   Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

24        As Respondent contends, Petitioner did not file any state post-conviction collateral actions

25   challenging the pertinent judgment within the one-year limitation period. (Doc. 11 at 4.) Petitioner did

26   not file his first state habeas petition until March 21, 2018, over sixteen years after the limitation

27   period expired. (See Doc. 13-5.) Thus, the time Petitioner's state habeas petitions were pending in

28   state court could not toll the limitation period that had already expired, and the instant petition remains

4

1    untimely.

2        C.    Equitable Tolling

3        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

4    tolling in appropriate cases.  See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v.

5    United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  Equitable tolling may be granted when

6    "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on

7    time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and

8    citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the

9    failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles

10   v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears

11   the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

12   some extraordinary circumstance stood in his way." Holland, 560 U.S. at 655; Pace v. DiGuglielmo,

13   544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is

14   very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir.

15   2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles,

16   187 F. 3d at 1107.

17       Petitioner makes no claim to entitlement of equitable tolling.  Petitioner must demonstrate

18   diligence throughout the limitations period.  Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005).  He

19   fails to do so.  He fails to demonstrate any extraordinary circumstance stood in his way of timely filing

20   his federal petition, and he fails to show that he acted diligently.  He should not be granted equitable

21   tolling.

22   IV.    Exhaustion

23       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

24   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

25   exhaustion doctrine is based on comity to the state court and gives the state court the initial

26   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

27   722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

28       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

5

full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raised the following claims in his petition: (1) Petitioner argues in his federal petition that his sentence constitutes cruel and unusual punishment because possession of .04 grams of cocaine is a misdemeanor under current laws; (2) the imposition of a life term for possession of .04 grams of

cocaine violates his Sixth Amendment equal protection rights; (3) his sentence was unlawfully enhanced because the use of his prior convictions violates Assembly Bill 1618; and (4) his prior convictions are invalid because he did not realize they would be used to enhance his current sentence. (Doc. 1.) Prior to filing the federal petition, Petitioner filed a petition for review with the California Supreme Court raising one claim of cruel and unusual punishment, arguing that the sentence imposed under the three strikes law was grossly disproportionate in comparison to the small amount of cocaine he possessed and his danger to society and did not comport with punishments from other jurisdictions. (See Doc. 13-3.)

Petitioner did not properly present his federal claims in the state courts. As Respondent argues, the federal petition includes only unexhausted claims that were not presented to the California Supreme Court. (Doc. 11 at 4-5.) Because Petitioner has not properly presented his claims for federal relief in the state courts, the Court will recommend dismissal of the petition for failure to exhaust state remedies. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

1         The parties are advised that failure to file objections within the specified time may waive the

2    right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4    IT IS SO ORDERED.

5         Dated:   __**July 15, 2020**__                    _____**/s/ Jennifer L. Thurston**

6                                            UNITED STATES MAGISTRATE JUDGE