1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   JOE NATHAN TAYLOR, | No.  1:20-cv-00353-AWI-JLT (HC) |
| 12          Petitioner, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 19)** |
| 13 | |
| 14   v. | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. No. 11)** |
| 15 | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| 16 | |
| 17   JEFF LYNCH, Warden, | **ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |
| 18          Respondent. | |
| 19 | **ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

20

21          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of

22   habeas corpus pursuant to 28 U.S.C. § 2254.  On July 16, 2020, the Magistrate Judge assigned to

23   the case issued Findings and Recommendations to grant Respondent's motion to dismiss.  (Doc.

24   No. 19.)  This Findings and Recommendations were served upon all parties and contained notice

25   that any objections were to be filed within twenty-one days from the date of service of that order.

26   To date, no party has filed objections.

27          In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

28   de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that

the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> > (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

1.      The Findings and Recommendation, filed July 16, 2020 (Doc. No. 19), is ADOPTED IN FULL;

2.      Respondent's motion to dismiss (Doc. No. 11) is GRANTED;

3.      The petition for writ of habeas corpus is DISMISSED;

4.      The Clerk is directed to CLOSE the case; and,

5.      The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 1, 2020                       _____

                                                SENIOR  DISTRICT  JUDGE